JUSTICE COTTER,
concurring.
¶33 I concur in the outcome reached by the Court, but not in all that is said in the Opinion. At ¶ 19, in addressing the exclusion of Dr. Steele’s testimony, the Court states that Cleveland never argued that her rotator cuff tear was aggravated or rendered symptomatic by the *128 collision. However, as the Court notes at ¶ 4, Dr. Steele had already opined in his deposition that “the automobile accident could have exacerbated it; the automobile accident could have nothing to do with it. I really don’t know at this point.” Thus, Dr. Steele was on record prior to trial that he would not offer an opinion as to aggravation. Cleveland’s counsel did inquire of the defendant’s expert orthopedic surgeon Dr. Heid whether the motor vehicle accident caused any aggravation of a pre-existing injury, and it was her opinion that it did not.
¶34 I also disagree with the Court’s contention at ¶ 24 that the District Court’s ruling did not prevent Cleveland’s attorney from asking Ripley whether the collision aggravated a pre-existing injury. As we note in ¶ 22, the District Court ruled that it would not allow Ripley to offer testimony as to medical causation. A witness testifying that an accident aggravated an injury is clearly testifying as to causation for an aggravated injury; therefore, this opinion too would likely have been excluded. For the same reason, I disagree with the Court’s incorrect assertion at ¶ 27 that nothing prevented Cleveland from arguing that the collision aggravated a pre-existing condition. As noted, Steele refused to offer an opinion on aggravation, Heid denied it occurred, and Ripley was precluded by court order from offering a causation opinion. Without expert testimony to support a claim that the accident aggravated a pre-existing injury, Cleveland could not present this argument to the jury.
¶35 With these caveats, I concur in the Court’s Opinion.